Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Incyte Corporation and*
*Incyte Holdings Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **INCYTE CORP. and INCYTE HOLDINGS CORP.,**<br><br>       **Plaintiffs,**<br>   **v.**<br><br>**ZYDUS LIFESCIENCES LTD.,**<br><br>       **Defendant.** | **Civil Action No. _____**<br><br>**COMPLAINT FOR**<br>**PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (together, "Incyte"), by their undersigned attorneys, for their Complaint against Defendant Zydus Lifesciences Ltd. ("Zydus"), allege as follows:

**Nature of the Action**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, arising from Zydus's submission of Abbreviated New Drug Application ("ANDA") No. 218568 ("Zydus's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Incyte's Opzelura® (ruxolitinib) drug product prior to the expiration of United States Patent Nos. 10,758,543 (the "'543 patent"), 10,869,870 (the "'870 patent"), 11,219,624 (the "'624 patent"),

1

11,571,425 (the "'425 patent"), 11,590,136 (the "'136 patent"), 12,226,419 (the "'419 patent"), 12,544,381 (the "'381 patent"), and 12,564,593 (the "'593 patent") (collectively, the "patents-in-suit"). The patents-in-suit are owned by Incyte Corporation and/or Incyte Holdings Corporation.

## The Parties

2.      Plaintiff Incyte Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

3.      Plaintiff Incyte Holdings Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

4.      On information and belief, Defendant Zydus is a corporation organized and existing under the laws of India, having a place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382481, Gujarat, India.

## The Patents-in-Suit

5.      On September 1, 2020, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '543 patent, entitled, "Topical Formulation for a JAK Inhibitor." A copy of the '543 patent is attached hereto as Exhibit A.

6.      On December 22, 2020, the USPTO duly and lawfully issued the '870 patent, entitled, "Topical Formulation for a JAK Inhibitor." A copy of the '870 patent is attached hereto as Exhibit B.

7.      On January 11, 2022, the USPTO duly and lawfully issued the '624 patent, entitled, "Topical Formulation for a JAK Inhibitor." A copy of the '624 patent is attached hereto as Exhibit C.

8.      On February 7, 2023, the USPTO duly and lawfully issued the '425 patent, entitled,

2

"Topical Formulation for a JAK Inhibitor." A copy of the '425 patent is attached hereto as Exhibit D.

9.      On February 28, 2023, the USPTO duly and lawfully issued the '136 patent, entitled, "Topical Formulation for a JAK Inhibitor." A copy of the '136 patent is attached hereto as Exhibit E.

10.      On February 18, 2025, the USPTO duly and lawfully issued the '419 patent, entitled, "Topical Formulation for a JAK Inhibitor." A copy of the '419 patent is attached hereto as Exhibit F.

11.      On February 10, 2026, the USPTO duly and lawfully issued the '381 patent, entitled, "Topical Formulation for JAK Inhibitor."  A copy of the '381 patent is attached hereto as Exhibit G.

12.      On March 3, 2026, the USPTO duly and lawfully issued the '593 patent, entitled, "Topical Formulation for a JAK Inhibitor."  A copy of the '593 patent is attached hereto as Exhibit H.

### The Opzelura® Drug Product

13.      Incyte Corporation holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a) for Opzelura® (ruxolitinib) cream (NDA No. 215309).

14.      The claims of the patents-in-suit cover, *inter alia*, pharmaceutical compositions comprising ruxolitinib and methods of using and administering pharmaceutical compositions comprising ruxolitinib.

15.      Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Opzelura®.

16.      The FDA-approved prescribing information for Opzelura® instructs and encourages

physicians, pharmacists, other healthcare workers, and patients to administer Opzelura® for, *inter alia¸* the topical short-term and non-continuous chronic treatment of mild to moderate atopic dermatitis in non-immunocompromised adult and pediatric patients 2 years of age and older whose disease is not adequately controlled with topical prescription therapies or when those therapies are not advisable.

17.     The FDA-approved prescribing information for Opzelura® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Opzelura® for, *inter alia*, the topical treatment of nonsegmental vitiligo in adult and pediatric patients 12 years of age and older.

18.     The FDA-approved prescribing information for Opzelura® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Opzelura® according to one or more of the methods claimed in the patents-in-suit.

### Jurisdiction and Venue

19.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

20.     On information and belief, Zydus is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

21.     This Court has personal jurisdiction over Zydus pursuant to Federal Rule of Civil Procedure 4(k)(2), including because: (a) Incyte's claims arise under federal law; (b) Zydus is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's

exercise of jurisdiction over Zydus satisfies due process.

22.     On information and belief, Zydus submitted ANDA No. 218568 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug product that is the subject of Zydus's ANDA ("Zydus's Proposed Generic Product"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patents-in-suit.

23.     On information and belief, this Judicial District is a likely destination for Zydus's Proposed Generic Product.

24.     On information and belief, Zydus intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Zydus's Proposed Generic Product.

25.     Zydus has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court. *See, e.g., Salix Pharms., Inc., et al. v. Zydus Pharms. (USA) Inc., et al.,* No. 24-9512 (D.N.J.); *AstraZeneca Pharms. LP, et al. v. Zydus Pharms. (USA) Inc., et al.,* No. 24-10629 (D.N.J.); and *Intra-Cellular Therapies, Inc., v. Aurobindo Pharma Ltd. et al.,* No. 24-4264 (D.N.J.).

26.     For at least the foregoing reasons, venue is proper in this Judicial District for Zydus pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Zydus is a company organized and existing under the laws of India and may be sued in any judicial district.

**Acts Giving Rise to this Suit**

27.     Pursuant to Section 505 of the FFDCA, Zydus submitted ANDA No. 218568 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product before the patents-in-suit expire.

5

28.     On information and belief, following FDA approval of Zydus's ANDA, Zydus will make, use, sell, or offer to sell Zydus's Proposed Generic Product throughout the United States, and/or import such generic product into the United States.

29.     On information and belief, in connection with the submission of ANDA No. 218568 as described above, Zydus provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Zydus's Paragraph IV Certification"), alleging that the claims of U.S. Patent Nos. 11,510,923 ("the '923 patent") and 11,590,137 ("the '137 patent") are invalid and/or will not be infringed by the activities described in Zydus's ANDA.

30.     No earlier than January 27, 2025, Zydus sent to Incyte a written notice of Zydus's Paragraph IV Certification ("Zydus's First Notice Letter").  Zydus's First Notice Letter alleged that the claims of the '923 and the '137 patents are invalid and/or will not be infringed by the activities described in Zydus's ANDA.  Zydus's First Notice Letter conveyed that Zydus seeks approval to market Zydus's Proposed Generic Product before the patents-in-suit expire.

31.     After receiving Zydus's First Notice Letter, Incyte filed a first Hatch-Waxman patent infringement suit against Zydus in this Court on March 13, 2025, alleging infringement of the '923 and the '137 patents.  That suit is pending before this Court as *Incyte Corp., et al. v. Taro Pharmaceuticals Inc., et al.*, No. 25-1858 (MCA)(SDA) (D.N.J.).

32.     On information and belief, in connection with the submission of ANDA No. 218568 as described above, Zydus provided a second written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Zydus's Second Paragraph IV Certification"), alleging that the claims of the '543 patent, the '870 patent, the '624 patent, the '425 patent, the '136 patent, the '419 patent, the '381 patent, and the '593 patent are invalid and/or will not be infringed by the activities described in Zydus's ANDA.

33.     No earlier than April 22, 2026, Zydus sent to Incyte a written notice of Zydus's

Second Paragraph IV Certification ("Zydus's Second Notice Letter"). Zydus's Second Notice Letter alleged that the claims of the'543 patent, the '870 patent, the '624 patent, the '425 patent, the '136 patent, the '419 patent, the '381 patent, and the '593 patent are invalid and/or will not be infringed by the activities described in Zydus's ANDA. Zydus's Second Notice Letter conveyed that Zydus seeks approval to market Zydus's Proposed Generic Product before the '543 patent, the '870 patent, the '624 patent, the '425 patent, the '136 patent, the '419 patent, the '381 patent, and the '593 patent expire.

### Count I: Infringement of the '543 Patent

34. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

35. Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '543 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

36. There is a justiciable controversy between the parties hereto as to the infringement of the '543 patent.

37. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '543 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.

38. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '543 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally

7

encourage acts of direct infringement with knowledge of the '543 patent and knowledge that its acts are encouraging infringement.

39.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '543 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the '543 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

40.     Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '543 patent is not enjoined.

41.     Incyte does not have an adequate remedy at law.

42.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count II:  Infringement of the '870 Patent

43.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

44.     Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '870 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

45.     There is a justiciable controversy between the parties hereto as to the infringement of the '870 patent.

46.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '870 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.

47.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '870 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '870 patent and knowledge that its acts are encouraging infringement.

48.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '870 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the '870 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

49.     Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '870 patent is not enjoined.

50.     Incyte does not have an adequate remedy at law.

51.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III:  Infringement of the '624 Patent

52.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

53. Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '624 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

54. There is a justiciable controversy between the parties hereto as to the infringement of the '624 patent.

55. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '624 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus Proposed Generic Product in the United States.

56. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '624 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '624 patent and knowledge that its acts are encouraging infringement.

57. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '624 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States. On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the '624 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

58. Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '624 patent is not enjoined.

10

59.     Incyte does not have an adequate remedy at law.

60.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count IV:  Infringement of the '425 Patent

61.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

62.     Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '425 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

63.     There is a justiciable controversy between the parties hereto as to the infringement of the '425 patent.

64.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydu will infringe one or more claims of the '425 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.

65.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '425 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '425 patent and knowledge that its acts are encouraging infringement.

66.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will

contributorily infringe one or more claims of the '425 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States. On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the '425 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

67. Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '425 patent is not enjoined.

68. Incyte does not have an adequate remedy at law.

69. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count V:  Infringement of the '136 Patent

70. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

71. Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '136 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

72. There is a justiciable controversy between the parties hereto as to the infringement of the '136 patent.

73. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '136 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.

74.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '136 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '136 patent and knowledge that its acts are encouraging infringement.

75.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '136 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the '136 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

76.     Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '136 patent is not enjoined.

77.     Incyte does not have an adequate remedy at law.

78.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count VI:  Infringement of the '419 Patent

79.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

80.     Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '419 patent, constitutes infringement of one or more of the claims of that patent

under 35 U.S.C. § 271(e)(2)(A).

81.     There is a justiciable controversy between the parties hereto as to the infringement of the '419 patent.

82.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '419 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.

83.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '419 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '419 patent and knowledge that its acts are encouraging infringement.

84.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '419 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the '419 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

85.     Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '419 patent is not enjoined.

86.     Incyte does not have an adequate remedy at law.

87.     This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count VII:  Infringement of the '381 Patent**

88.     Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

89.     Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '381 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

90.     There is a justiciable controversy between the parties hereto as to the infringement of the '381 patent.

91.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '381 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.

92.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '381 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '381 patent and knowledge that its acts are encouraging infringement.

93.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '381 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the

'381 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

94.    Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '381 patent is not enjoined.

95.    Incyte does not have an adequate remedy at law.

96.    This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VIII:  Infringement of the '593 Patent

97.    Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

98.    Zydus's submission of ANDA No. 218568, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's Proposed Generic Product, prior to the expiration of the '593 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

99.    There is a justiciable controversy between the parties hereto as to the infringement of the '593 patent.

100.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '593 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.

101.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '593 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally

encourage acts of direct infringement with knowledge of the '593 patent and knowledge that its acts are encouraging infringement.

102.   Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '593 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product in the United States.  On information and belief, Zydus has had and continues to have knowledge that Zydus's Proposed Generic Product is especially adapted for a use that infringes one or more claims of the '593 patent and that there is no substantial non-infringing use for Zydus's Proposed Generic Product.

103.   Incyte will be substantially and irreparably damaged and harmed if Zydus's infringement of the '593 patent is not enjoined.

104.   Incyte does not have an adequate remedy at law.

105.   This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Incyte respectfully request the following relief:

(A)   A Judgment that Zydus has infringed the patents-in-suit by submitting ANDA No. 218568 with the accompanying Paragraph IV Certification and notice to Incyte of same;

(B)   A Judgment that Zydus has infringed, and that Zydus's making, using, selling, offering to sell, and/or importing Zydus's Proposed Generic Product will infringe one or more claims of the patents-in-suit;

(C)   An Order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of FDA approval of ANDA No. 218568 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(D)      Preliminary and permanent injunctions enjoining Zydus and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, and/or importing Zydus's Proposed Generic Product until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E)      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Zydus, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(F)      A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zydus's Proposed Generic Product will directly infringe, induce infringement of, and/or contribute to infringement of the patents-in-suit;

(G)      To the extent that Zydus, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H)      If Zydus, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Zydus's Proposed Generic Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Incyte resulting from such infringement, together with interest;

(I)      A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J)        A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K)        A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L)        Such further and other relief as this Court may deem just and proper.

Dated:  June 4, 2026

By:   s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
**SAUL EWING LLP**
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
Telephone: (973) 286-6700
Email: *clizza@saul.com;*
*sarah.Sullivan@saul.com;*
*alexander.callo@saul.com*


OF COUNSEL:
Douglas E. McCann
Robert M. Oakes
Gregory Booker
Grayson P. Sundermeir
**FISH & RICHARDSON P.C.**
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE  19899
Telephone: (302) 652-5070
Email: *dmccann@fr.com; oakes@fr.com;*
*booker@fr.com; sundermeir@fr.com*

Corrin N. Drakulich
Christina Brown-Marshall
**FISH & RICHARDSON P.C.**
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Email: *drakulich@fr.com; brown-*
*marshall@fr.com*

Deanna Reichel
**FISH & RICHARDSON P.C.**
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Email: *reichel@fr.com*

Caitlin M. Dean
**FISH & RICHARDSON P.C.**

20

7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Email: *cdean@fr.com*


*Attorneys for Plaintiffs Incyte Corporation and
Incyte Holdings Corporation*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, to the best of my knowledge, that this matter is related to *Incyte Corp., et al. v. Padagis Israel Pharmaceuticals Ltd.*, Nos. 23-21826, 25-5380, & 26-6262 (MCA)(SDA) (D.N.J.) (consolidated), *Incyte Corp., et al. v. Taro Pharmaceuticals Inc.*, No. 25-7243 (MCA)(SDA) (D.N.J.), *Incyte Corp., et al. v. Taro Pharmaceuticals Inc., et al.*, No. 25-1858 (MCA)(SDA) (D.N.J.), and *Incyte Corp., et al. v. Encube Ethicals Pvt. Ltd.*, No. 26-539 (MCA)(SDA) (D.N.J.) because it involves the same Plaintiffs, some of the same patents, and generic versions of the same branded drug product.

I further certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  June 4, 2026

By:   s/ Charles M. Lizza
      Charles M. Lizza
      Sarah A. Sullivan
      Alexander L. Callo
      SAUL EWING LLP
      One Riverfront Plaza, Suite 1520
      Newark, New Jersey 07102-5426
      (973) 286-6700
      clizza@saul.com

*Attorneys for Plaintiffs Incyte Corporation and Incyte Holdings Corporation*